UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x      **ECF CASE**

KARKANIAS RESEARCH, LLC d/b/a      :
CYTIRA, and GEORGE KARKANIAS, aka      :
CYTIRA, INC.,      :
                                      :      **NOTICE OF REMOVAL**
        Plaintiffs,      :

        -against-      :      Case No. 07 CV 6113(RJH)(MHD)

                 :

LIFESPAN BIOSCIENCES, INC.,      :
                                :
        Defendant.      :
------------------------------------------------------------ x

        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

DISTRICT OF NEW YORK:

        Please take notice that LifeSpan BioSciences, Inc. ("Defendant") is a defendant in the civil

action brought on May 24, 2007, by Karkanias Research, LLC d/b/a/ Cytira, and George Karkanias,

aka Cytira, Inc. ("Plaintiffs"), in the Supreme Court of New York, County of New York, Index No.

601757-07. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant hereby removes the above-

entitled action to the United States District Court for the Southern District of New York. In support

of its Notice of Removal, Defendant respectfully alleges as follows:

        1.      On May 24, 2007, Plaintiffs filed a complaint entitled *Karkanias Research, LLC*

*d/b/a/ Cytira, and George Karkanias, aka Cytira, Inc. v. LifeSpan BioSciences, Inc.*, Index No.

601757/07 (the "Complaint"), in the Supreme Court of New York. In accordance with 28 U.S.C. §

1446(a), a true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

Upon information and belief, no other process, pleading, or order was filed in the state court action.

        2.      Defendant, a Washington corporation, was served with a copy of the Summons and

Complaint on May 31, 2007 at its principal place of business at 2401 Fourth Avenue, Suite 900,

Seattle, Washington 98121. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) as it is filed within thirty (30) days of Defendant's receipt of the Summons and Complaint.

3.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 in that it is an action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.   Page 7 of the Complaint alleges damages of at least $237,760.50 together with interest, costs, and disbursements. The action is therefore removable under 28 U.S.C. §1441(a).

4.      There is complete diversity of citizenship between the Plaintiffs and Defendant because:

        a.   Complaint paragraphs 1 and 3 allege that Plaintiffs are citizens of New York. Plaintiff Karkanias Research, LLC is alleged to be a limited liability company with its principal place of business located at 305 Madison Avenue, Suite 449, New York, New York 10165. Plaintiff George Karkanias a/k/a Cytira, Inc. is alleged to be an individual with a business address located at 305 Madison Avenue, Suite 449, New York, New York 10165.

        b. Complaint paragraphs 5 and 6 allege that Defendant LifeSpan BioSciences, Inc. is a citizen of Washington state. Defendant is a corporation duly organized and existing under and by virtue of the laws of the State of Washington, and at all relevant times LifeSpan BioSciences, Inc. had and has its principal executive office located at 2401 Fourth Avenue, Suite 900, Seattle, Washington 98121.

5.      Attached hereto as Exhibit B is a true and correct copy of the Notice To The Supreme Court Of The State Of New York, County Of New York, Of The Filing Of Notice of Removal, the original of which is being filed with the Clerk of the New York State Supreme Court, as required by 28 U.S.C. § 1446(d).

6.      Attached hereto as Exhibit C is a true and correct copy of the Notice To Adverse Party Of Filing Of Notice of Removal, the original of which is being served on Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

7.      Defendant expressly reserves all rights and defenses relating to the Plaintiffs' claims.

WHEREFORE, Defendant LifeSpan BioSciences, Inc. prays that this action be removed to this Court for all purposes, that this Court accept jurisdiction of this action, and henceforth, that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Dated: New York, New York
       June 28, 2007

                                   THELEN REID BROWN RAYSMAN
                                   & STEINER LLP

                          By: _____
                                   John Fedun
                                   Attorney for Defendant LifeSpan BioSciences, Inc.
                                   900 Third Avenue
                                   New York, NY  10022
                                   (212) 895-2000


*Of Counsel*
Glenn R. Nelson
Oles Morrison Rinker & Baker LLP
701 Pike Street
Suite 1700
Seattle, WA 98101
(206) 682-6234

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

KARKANIAS RESEARCH, LLC d/b/a CYTIRA,
and GEORGE KARKANIAS, a/k/a CYTIRA, INC.,

                              Plaintiffs,

        -  against –

LIFESPAN BIOSCIENCES, INC

                              Defendant.

------------------------------------------------------------------x

Index No. *601757/07*

Date Filed: *5/24/07*

**SUMMONS**

Plaintiffs designate New York
County as the place of trial.
Venue is based on Karkanias
Research, LLC's residence:
305 Madison Avenue, Suite 449
New York, NY  10165

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your Answer, or, if the complaint is not served with this summons to serve a
notice of appearance, on the plaintiff's attorneys within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if
this summons is not personally delivered to you within the State of New York); and in case
of your failure to appear or answer, judgment will be taken against you by default for the
relief demanded herein.

Dated:    New York, New York
          May 23, 2007

                      COX PADMORE SKOLNIK & SHAKARCHY LLP

                  By:  _____
                       Steven D. Skolnik, P.C.
                       Attorneys for Plaintiffs
                       630 Third Avenue, 19th Floor
                       New York, NY  10017
                       (212) 953-6633

Defendant's Address:
2401 Fourth Avenue
Suite 900
Seattle, WA 98121

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
KARKANIAS RESEARCH, LLC d/b/a CYTIRA,                    Index No: 601757/07
and GEORGE KARKANIAS, a/k/a CYTIRA, INC.,

                                    Plaintiffs,

            -against-                                                  **COMPLAINT**

LIFESPAN BIOSCIENCES, INC.,
                                    Defendant.
------------------------------------------------------------------X

        Plaintiffs Karkanias Research, LLC d/b/a Cytira and George Karkanias, a/k/a Cytira, Inc.

by their attorneys, Cox Padmore Skolnik & Shakarchy LLP, as and for their Complaint against

Defendant LifeSpan Biosciences, Inc. ("LifeSpan"), allege as follows:

                            **THE PARTIES**

        1.      At all relevant times, Karkanias Research, LLC was and is a limited liability

company with its principal place of business located at 305 Madison Avenue, Suite 449, New

York, New York 10165.

        2.      At all relevant times, Karkanias Research, LLC has been authorized to conduct

business under the assumed name "Cytira." Karkanias Research, LLC d/b/a Cytira is hereafter

referred to as "Cytira."

        3.      George Karkanias, a/k/a Cytira, Inc. was and is an individual with a business

address located at 305 Madison Avenue, Suite 449, New York, New York 10165. George

Karkanias, a/k/a Cytira, Inc. is hereafter referred to as "Karkanias."

        4.      At all relevant times, Karkanias did business with LifeSpan as agent for Cytira,

and/or Cytira did business on its own behalf.

        5.      Upon information and belief, at all times relevant hereto, LifeSpan was and is a

foreign corporation, duly organized and existing under and by virtue of the laws of the State of Washington.

6.    Upon information and belief, at all times relevant hereto, LifeSpan had and has its principal executive office located at 2401 Fourth Avenue, Suite 900, Seattle, Washington 98121.

7.    At all relevant times hereto, Karkanias has been an operating manager of Cytira with the authority to enter into and negotiate contracts on its behalf.

8.    At all times relevant hereto, Cytira has been in the business of utilizing molecular pathology, bioinformatics, and automated imaging technology to identify and validate targets for its biotechnology and pharmaceutical company customers in Europe, Asia, and North America.

9.    Upon information and belief, at all times relevant hereto, LifeSpan has marketed its products and services in the United States, including New York, through the transmission and receipt of information on the internet over the World Wide Web.

## JURSIDICTION AND VENUE

10.    Jurisdiction and venue in this Court is proper under New York Civil Practice Law and Rules §301 and §§ 302(a)(1) and (3).

11.    In or about October, 2006, LifeSpan contracted with Karkanias as agent for Cytira, and/or contracted with Cytira to supply and perform services for Cytira and to provide reports of the results of its services to Cytira in New York.

12.    Through its various activities described in the General Allegations and the First Cause of Action, LifeSpan has transacted business in New York.

13.    During the period October, 2006 to approximately March, 2007, as set forth in the General Allegations and the Second Cause of Action, LifeSpan committed tortious acts without New York, which caused injury to Cytira in New York.

2

14.    Upon information and belief, LifeSpan regularly does or solicits business, in New York through an interactive website which allows customers to purchase antibodies, obtain quotes for immunohistochemistry (IHC) services, and view test results, in addition to other services, or derives substantial revenue from services rendered in this State.

15.    Upon information and belief, in addition to its interactive website, LifeSpan has engaged in continuous activity in New York by performing multiple services for other New York customers, including without limitation Pfizer, Inc. and Bristol-Myers Squib Company, both corporations having headquarters in New York, and is present in New York with a fair measure of permanence and continuity.

16.    LifeSpan reasonably should have expected that the tortious acts it committed to have consequences in New York, and upon information and belief, LifeSpan derives substantial revenue from interstate or international commerce including its New York activities.

17.    Venue is proper in New York County under CPLR § 503(a) in that Cytira resides in New York County.

### GENERAL ALLEGATIONS

18.    At all relevant times, Cytira is and has been in the business of researching and developing life saving and life enhancing therapies to prevent, cure, and treat human disease.

19.    Prior to October 30, 2006, Karkanias of Cytira spoke with Harjit Kullar of LifeSpan about having LifeSpan perform specified work for Cytira utilizing IHC on brain samples from normal and diabetic mice that Cytira would send to LifeSpan in connection with a study being conducted by Cytira.

20.    On or about October 30, 2006, Karkanias as agent for Cytira and/or Cytira on the one hand and LifeSpan on the other entered into a contract (the "Contract").

3

21.     The Contract provided that "LifeSpan [would] perform tissue preparation, validation and mapping steps in order to isolate the 20 regions and sub-regions of the hypothalamus to be examined in the study."

22.     The Contract further stated that the study would consist of two phases. In Phase I, "LifeSpan [would] characterize the activity of the eight (8) antibodies in IHC." In Phase II, "LifeSpan [would] determine the distribution and localization of the four (4) target proteins . . . in . . . twenty (20) regions and sub-regions of the hypothalamus."

23.     Furthermore, the contract provided that "Phase I report [would] be delivered to the customer containing a summary of the results, digital images, and LifeSpan's recommendations...."  The contract further provided that "LifeSpan [would] provide Cytira with a FULL TEXT report of Phase II results including DIGITAL IMAGES.  In the report LifeSpan will provide a comprehensive analysis of the tissue sections and also perform a statistical analysis to show whether each region and sub-region from the treatment groups are different from each other, i.e. increase or decrease in expression of target proteins among the groups rather than just presence or absence of positive cells.  LifeSpan will also calculate the number of positive cells in each region and sub-region resulting in an average across the animals in each group and hence there will be a mean +/- some variance across the control and experimental groups for each region and sub-region."

24.     The Contract also provided that the "Study Period [would] be initiated upon LifeSpan receipt of a fully executed agreement AND all biological materials.... LifeSpan estimate[d] that the Study [would] be completed within eight (8) weeks of study initiation."

25.     In or about April, 2006, Karkanias and/or Cytira received what purported to be a final report from LifeSpan.

26.    The total cost of the project under the Contract was to be $32,324 plus the cost of commercial antibodies.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

27.    Plaintiffs repeat and restate the allegations set out in paragraphs 1 through 26 hereof as if set out fully herein.

28.    LifeSpan breached the Contract by failing to complete the work within the estimated time (eight weeks) as specified in the Contract. LifeSpan did not complete the process until March 30, 2007, four months after LifeSpan received the biological materials from Cytira.

29.    The report that LifeSpan sent to Karkanias and/or Cytira in purported compliance with the Contract was incomplete in that LifeSpan sent the results with missing regions.

30.    LifeSpan breached the Contract, inter alia, by failing to perform the procedures it agreed to perform in a correct manner in accordance with proper scientific standards, and by using an arbitrary rater scale and making notes of the staining intensity; the method LifeSpan used was less rigorous and less time consuming than what was agreed upon in the Contract.

31.    As a result of LifeSpan's breach of the Contract, Karkanias and/or Cytira were not able to utilize its results.

32.    Karkanias and/or Cytira have been damaged in the amount of $17,572 already paid to LifeSpan for the IHC services which were not adequately performed; $36,670 paid to The Jackson Laboratory to produce the mice and samples derived from the mice; $518.50 paid to Santa Cruz Biotechnologies, Inc. for procurement of antibodies for the IHC process; and approximately $183,000 consequential damages, in addition to delay in work aimed at providing relief to diabetic patients.

33.     The damages sustained are the natural and probable consequence of the breach by LifeSpan. Furthermore, the damages were within the contemplation of the parties at the time of the Contract.

34.     As a result thereof, Karkanias and/or Cytira have been damaged in an amount not less than $237,760.50.

## AS AND FOR A SECOND CAUSE OF ACTION

35.     Plaintiffs repeat and restate the allegations set out in paragraphs 1 through 34 hereof as if fully set out herein.

36.     LifeSpan owed Karkanias and/or Cytira the duty to act with the skill and care appropriate for a laboratory engaged in IHC.

37.     LifeSpan breached the duty it owed to Karkanias and/or Cytira by negligently handling and destroying the samples sent to it.

38.     LifeSpan's negligent handling and destruction of the samples resulted in loss of key brain regions rendering the data useless to Karkanias and/or Cytira. LifeSpan's error resulted in the destruction of valuable scientific samples that were produced both at the cost of animal life, in addition to, the significant financial expense. LifeSpan's breach has caused delay in work aimed towards providing relief to diabetic patients and has set Karkanias's and/or Cytira's goals back by approximately one and a half years.

39.     As a result of the foregoing, Karkanias and/or Cytira have been damaged in an amount not less than $237,760.50.

6

WHEREFORE, Plaintiffs demand judgment on each of their two causes of action in an amount not less than $237,760.50, together with interest, the costs and disbursements of this action and such other and further relief as is just and proper.

Dated: New York, New York
      May 23, 2007

Steven D. Skolnik, P.C.
COX PADMORE SKOLNIK &
SHAKARCHY LLP
Attorneys for Plaintiffs
630 Third Avenue, 19th Floor
New York, N.Y. 10017
(212) 953-6633

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------- X
KARKANIAS RESEARCH, LLC d/b/a                          :
CYTIRA, and GEORGE KARKANIAS, aka                      :
CYTIRA, INC.,                                          :     Index No. 601757/07
                                                       :
              Plaintiffs,                              :     **NOTICE TO THE CLERK OF**
                                                       :     **THE SUPREME COURT OF THE**
              -against-                                :     **STATE OF NEW YORK, COUNTY OF**
                                                       :     **NEW YORK, OF THE FILING OF**
LIFESPAN BIOSCIENCES, INC.,                            :     **NOTICE OF REMOVAL**
                                                       :
              Defendant.                               :
------------------------------------------------------------- X

TO:    Clerk of the New York State Supreme Court
       County of New York
       60 Centre Street
       New York, NY 10007

       PLEASE TAKE NOTICE that the Defendant in the above-entitled action, LifeSpan

BioSciences, Inc., by their attorneys Thelen Reid Brown Raysman & Steiner LLP, filed a Notice of

Removal in the United States District Court for the Southern District of New York pursuant to

federal law. In accordance with 28 U.S.C. § 1446(d), this Court is respectfully requested to proceed

no further in this action unless and until the case is remanded by the United States District Court.

       A copy of the Notice of Removal filed with the United States District Court is attached hereto

as Exhibit A and filed with this document. Notice of Removal has also been given to all other parties

in this action.

Dated: New York, New York
       June 28, 2007

                                   THELEN REID BROWN RAYSMAN
                                     & STEINER LLP

                              By: _____
                                   John Fedun
                                   Attorney for Defendant LifeSpan BioSciences, Inc.
                                   900 Third Avenue
                                   New York, NY  10022
                                   (212) 895-2000

*Of Counsel*
Glenn R. Nelson
Oles Morrison Rinker & Baker LLP
701 Pike Street
Suite 1700
Seattle, WA 98101
(206) 682-6234

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
KARKANIAS RESEARCH, LLC d/b/a                 :
CYTIRA, and GEORGE KARKANIAS, aka             :
CYTIRA, INC.,                                 :
                                              :
                Plaintiffs,                   :        **<u>NOTICE OF REMOVAL</u>**
                                              :
              -against-                       :
                                              :
LIFESPAN BIOSCIENCES, INC.,                   :
                                              :
                Defendant.                    :
-------------------------------------------------------------- X

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

DISTRICT OF NEW YORK:

Please take notice that LifeSpan BioSciences, Inc. ("Defendant") is a defendant in the civil

action brought on May 24, 2007, by Karkanias Research, LLC d/b/a/ Cytira, and George Karkanias,

aka Cytira, Inc. ("Plaintiffs"), in the Supreme Court of New York, County of New York, Index No.

601757-07. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant hereby removes the above-

entitled action to the United States District Court for the Southern District of New York. In support

of its Notice of Removal, Defendant respectfully alleges as follows:

1.      On May 24, 2007, Plaintiffs filed a complaint entitled *Karkanias Research, LLC*

*d/b/a/ Cytira, and George Karkanias, aka Cytira, Inc. v. LifeSpan BioSciences, Inc.*, Index No.

601757/07 (the "Complaint"), in the Supreme Court of New York. In accordance with 28 U.S.C. §

1446(a), a true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

Upon information and belief, no other process, pleading, or order was filed in the state court action.

2.      Defendant, a Washington corporation, was served with a copy of the Summons and

Complaint on May 31, 2007 at its principal place of business at 2401 Fourth Avenue, Suite 900,

Seattle, Washington 98121. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) as it is filed within thirty (30) days of Defendant's receipt of the Summons and Complaint.

3.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 in that it is an action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Page 7 of the Complaint alleges damages of at least $237,760.50 together with interest, costs, and disbursements. The action is therefore removable under 28 U.S.C. §1441(a).

4.      There is complete diversity of citizenship between the Plaintiffs and Defendant because:

a.   Complaint paragraphs 1 and 3 allege that Plaintiffs are citizens of New York. Plaintiff Karkanias Research, LLC is alleged to be a limited liability company with its principal place of business located at 305 Madison Avenue, Suite 449, New York, New York 10165. Plaintiff George Karkanias a/k/a Cytira, Inc. is alleged to be an individual with a business address located at 305 Madison Avenue, Suite 449, New York, New York 10165.

b. Complaint paragraphs 5 and 6 allege that Defendant LifeSpan BioSciences, Inc. is a citizen of Washington state. Defendant is a corporation duly organized and existing under and by virtue of the laws of the State of Washington, and at all relevant times LifeSpan BioSciences, Inc. had and has its principal executive office located at 2401 Fourth Avenue, Suite 900, Seattle, Washington 98121.

5.      Attached hereto as Exhibit B is a true and correct copy of the Notice To The Supreme Court Of The State Of New York, County Of New York, Of The Filing Of Notice of Removal, the original of which is being filed with the Clerk of the New York State Supreme Court, as required by 28 U.S.C. § 1446(d).

6.    Attached hereto as Exhibit C is a true and correct copy of the Notice To Adverse Party Of Filing Of Notice of Removal, the original of which is being served on Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

7.    Defendant expressly reserves all rights and defenses relating to the Plaintiffs' claims.

WHEREFORE, Defendant LifeSpan BioSciences, Inc. prays that this action be removed to this Court for all purposes, that this Court accept jurisdiction of this action, and henceforth, that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Dated: New York, New York
       June 28, 2007

                           THELEN REID BROWN RAYSMAN
                           & STEINER LLP


                    By:    _____
                           John Fedun
                           Attorney for Defendant LifeSpan BioSciences, Inc.
                           900 Third Avenue
                           New York, NY 10022
                           (212) 895-2000


*Of Counsel*
Glenn R. Nelson
Oles Morrison Rinker & Baker LLP
701 Pike Street
Suite 1700
Seattle, WA 98101
(206) 682-6234

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
KARKANIAS RESEARCH, LLC d/b/a                     :
CYTIRA, and GEORGE KARKANIAS, aka         :
CYTIRA, INC.,                                                         :
                      Plaintiffs,         :    **NOTICE TO ADVERSE**
                            :    **PARTY OF FILING OF**
       -against-                           :    <u>**NOTICE OF REMOVAL**</u>
                            :
LIFESPAN BIOSCIENCES, INC.,                         :
                            :
                   Defendant.         :
-----------------------------------------------------------X

TO:    Steven D. Skolnik, P.C.
        Cox Padmore Skolnik & Shakarchy LLP
        Attorney for Plaintiffs
        630 Third Avenue, 19th Floor
        New York, New York 10017

     PLEASE TAKE NOTICE that LifeSpan BioSciences, Inc., the defendant in the above-captioned action, has filed a Notice of Removal of this action with the United States District Court for the Southern District of New York.

     A copy of the Notice of Removal filed in the Office of the Clerk of the United States District Court for the Southern District of New York, dated June 20, 2007, is attached hereto as Exhibit A. A copy of this Notice has also been provided to the Clerk of the Supreme Court of New York.

     The filing of a copy of the Notice of Removal with the Clerk of the Supreme Court of New York, precludes the Supreme Court of New York from any further proceedings in the action

unless and until the action is remanded from the United States District Court.

Dated: New York, New York
       June 28, 2007

                                    THELEN REID BROWN RAYSMAN &
                                    STEINER LLP

                                    By:_____
                                        John Pedun
                                        Attorney for Defendant LifeSpan
                                        BioSciences, Inc.
                                        900 Third Avenue
                                        New York, New York 10022
                                        (212) 895-2000

*Of Counsel*
Glenn R. Nelson
Oles Morrison Rinker & Baker LLP
701 Pike Street
Suite 1700
Seattle, WA 98101
(206) 682-6234

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
KARKANIAS RESEARCH, LLC d/b/a     :
CYTIRA, and GEORGE KARKANIAS, aka     :
CYTIRA, INC.,     :
                                          :     **NOTICE OF REMOVAL**
            Plaintiffs,     :
                                          :
         -against-     :
                                          :
LIFESPAN BIOSCIENCES, INC.,     :
                                          :
            Defendant.     :
------------------------------------------------------------- X

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

DISTRICT OF NEW YORK:

Please take notice that LifeSpan BioSciences, Inc. ("Defendant") is a defendant in the civil

action brought on May 24, 2007, by Karkanias Research, LLC d/b/a/ Cytira, and George Karkanias,

aka Cytira, Inc. ("Plaintiffs"), in the Supreme Court of New York, County of New York, Index No.

601757-07. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant hereby removes the above-

entitled action to the United States District Court for the Southern District of New York. In support

of its Notice of Removal, Defendant respectfully alleges as follows:

1.      On May 24, 2007, Plaintiffs filed a complaint entitled *Karkanias Research, LLC*

*d/b/a/ Cytira, and George Karkanias, aka Cytira, Inc. v. LifeSpan BioSciences, Inc.,* Index No.

601757/07 (the "Complaint"), in the Supreme Court of New York. In accordance with 28 U.S.C. §

1446(a), a true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

Upon information and belief, no other process, pleading, or order was filed in the state court action.

2.      Defendant, a Washington corporation, was served with a copy of the Summons and

Complaint on May 31, 2007 at its principal place of business at 2401 Fourth Avenue, Suite 900,

Seattle, Washington 98121. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) as it is filed within thirty (30) days of Defendant's receipt of the Summons and Complaint.

3.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 in that it is an action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Page 7 of the Complaint alleges damages of at least $237,760.50 together with interest, costs, and disbursements. The action is therefore removable under 28 U.S.C. §1441(a).

4.    There is complete diversity of citizenship between the Plaintiffs and Defendant because:

a.    Complaint paragraphs 1 and 3 allege that Plaintiffs are citizens of New York. Plaintiff Karkanias Research, LLC is alleged to be a limited liability company with its principal place of business located at 305 Madison Avenue, Suite 449, New York, New York 10165. Plaintiff George Karkanias a/k/a Cytira, Inc. is alleged to be an individual with a business address located at 305 Madison Avenue, Suite 449, New York, New York 10165.

b. Complaint paragraphs 5 and 6 allege that Defendant LifeSpan BioSciences, Inc. is a citizen of Washington state. Defendant is a corporation duly organized and existing under and by virtue of the laws of the State of Washington, and at all relevant times LifeSpan BioSciences, Inc. had and has its principal executive office located at 2401 Fourth Avenue, Suite 900, Seattle, Washington 98121.

5.    Attached hereto as Exhibit B is a true and correct copy of the Notice To The Supreme Court Of The State Of New York, County Of New York, Of The Filing Of Notice of Removal, the original of which is being filed with the Clerk of the New York State Supreme Court, as required by 28 U.S.C. § 1446(d).

6.      Attached hereto as Exhibit C is a true and correct copy of the Notice To Adverse Party Of Filing Of Notice of Removal, the original of which is being served on Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

7.      Defendant expressly reserves all rights and defenses relating to the Plaintiffs' claims.

WHEREFORE, Defendant LifeSpan BioSciences, Inc. prays that this action be removed to this Court for all purposes, that this Court accept jurisdiction of this action, and henceforth, that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Dated: New York, New York
          June 28, 2007

                                    THELEN REID BROWN RAYSMAN
                                    & STEINER LLP

                                    By: _____
                                    John Fedun
                                    Attorney for Defendant LifeSpan BioSciences, Inc.
                                    900 Third Avenue
                                    New York, NY  10022
                                    (212) 895-2000

*Of Counsel*
Glenn R. Nelson
Oles Morrison Rinker & Baker LLP
701 Pike Street
Suite 1700
Seattle, WA 98101
(206) 682-6234