

**THELEN REID BROWN RAYSMAN & STEINER** LLP

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

John Fedun
212.603.6538 Direct Dial
212.829.2276 Direct Fax
jfedun@thelenreid.com

JUL -5 2007

July 5, 2007

**BY FACSIMILE**

Hon. Richard J. Holwell, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/07

Re: Karkanias Research, LLC, et al. v. LifeSpan BioSciences, Inc.
U.S. District Court; Southern District of New York; Docket No. 07cv6113

Dear Judge Holwell:

    The undersigned is counsel for Defendant LifeSpan BioSciences, Inc. ("LifeSpan") in the subject case. In accordance with Court's Individual Practice Rule 3A, this letter shall serve as LifeSpan's request for a pre-motion conference to address LifeSpan's intention to file a motion to dismiss in lieu of an answer.

    LifeSpan is a Washington corporation which operates a research laboratory in Seattle, Washington. Plaintiffs, an individual and a limited liability company who are both alleged to be residents of New York, sued LifeSpan in New York Supreme Court, County of New York, alleging breach of contract and negligence. LifeSpan removed the action to the Court and now intends to seek dismissal of the action due to the Court's lack of personal jurisdiction over LifeSpan. In the alternative, LifeSpan also intends to move for dismissal of the action as being brought in an improper venue or for transfer of the action to the United States District Court for the Western District of Washington.

    Plaintiffs engaged LifeSpan to perform biological research on certain mouse brains which were shipped to LifeSpan in Seattle from another laboratory in California. It is unclear how Plaintiffs became aware of LifeSpan. However, LifeSpan conducted no marketing activities in New York during the relevant time period and Plaintiffs have alleged only that LifeSpan maintains a website which can be accessed anywhere in the world. All negotiations related to the research agreement between LifeSpan and Plaintiffs were conducted by telephone and e-mail with LifeSpan outside of New York. Once agreed upon, the research agreement was executed by Plaintiffs in New York and by LifeSpan in Seattle. All of the research activities allegedly giving

July 5, 2007
Page 2

rise to the breach of contract and negligence causes of action were performed exclusively in Seattle. When the research was completed, LifeSpan posted the results on its secured website which Plaintiffs were then able to access with a password.

In order for the Court to exercise personal jurisdiction over LifeSpan, the requirements of New York's long-arm statutes, as well as those set forth by the United States Supreme Court in *International Shoe*, must first be met. The New York long-arm statutes, CPLR §§ 301 and 302, provide that a non-domiciliary defendant may be called upon to defend an action in New York if it maintains a general presence in New York or if its specific actions give rise to contract or tort causes of action in New York. LifeSpan does not maintain a general presence in New York as it has no New York office, does not solicit business in New York, does not maintain any bank accounts or property in New York and has no employees in New York. Likewise, the specific actions performed by LifeSpan which allegedly give rise to Plaintiffs' contract and negligence causes of action all occurred in Seattle. As such, LifeSpan cannot be called up to defend this action in New York pursuant to New York's long-arm statutes.

In addition, LifeSpan also cannot be called upon to defend this action in New York under the "minimum contacts" test established by *International Shoe* as doing so would offend traditional notions of fair play and justice. LifeSpan never entered New York for any activity related to the research performed for Plaintiffs or the execution of the underlying research agreement. LifeSpan does not perform any marketing activities in New York. Finally, it is believed that LifeSpan will be called upon to produce no less than seven witnesses, all of whom are located in Seattle (excepting one former employee now located in California) along with all of LifeSpan's documentary evidence and research product. The burden of making all of these resources available for an action in New York will be severely disruptive to LifeSpan's ongoing business activities. Given the dearth of New York contacts, imposing such a burden on LifeSpan is simply unfair.

Even if the Court finds that it may exercise personal jurisdiction over LifeSpan, Plaintiffs' action should still be dismissed as it was brought in an improper venue. Pursuant to 28 U.S.C. § 1391(a), a civil diversity case may only be brought in (1) a judicial district where a defendant resides, (2) a judicial district where a substantial part of the events giving rise to the claim occurred, or where a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which a defendant is subject to personal jurisdiction if there is no other district in which the action may otherwise be brought. LifeSpan is a Washington corporation with its principal place of business located in Seattle. LifeSpan's entire performance of the research study, which is the basis for Plaintiffs' claims, occurred in Seattle. Thus, New York is an improper venue for this action under both prongs one and two of 28 U.S.C. § 1391(a). Finally, even if the Court determines that it may exercise personal jurisdiction over LifeSpan, venue is only proper in New York under prong 3 of 28 U.S.C. § 1391(a) if there is no other jurisdiction in which the action could have been brought. Plaintiff could have brought its action in the Western District of Washington and prong 3 of 28 U.S.C. § 1391(a) is therefore inapplicable to the case at bar. Therefore, Plaintiffs' case should be dismissed as it was brought in an improper venue.

Alternatively, this case should be transferred to the Western District of Washington pursuant to 28 U.S.C. §1404(a). Transfer pursuant to 28 U.S.C. §1404(a) is appropriate where

July 5, 2007
Page 3

the action is one that might have been brought in the proposed transferee district and where transfer best serves the convenience of the parties and witnesses and the interests of justice. As discussed above, LifeSpan's witnesses, documentary evidence and facilities are located in Seattle. Moreover, one of LifeSpan's witnesses is no longer employed by LifeSpan and resides in California and another witness performs work for LifeSpan on a contract basis in Seattle. These witnesses are therefore non-parties and will likely need to be subpoenaed to testify. Clearly, it will be much more convenient for these non-party witnesses to testify in Seattle than to be forced to give testimony in New York. It is believed that Plaintiffs will have only one witness, Mr. George Karkanias. As Mr. Karkanias is a party, there will be no issue with compelling him to appear in Seattle to testify. Finally, as Washington law will apply to this case under New York's conflict of laws rules, judicial economy favors a judge sitting in the Western District of Washington hearing the case.

LifeSpan respectfully requests that it be notified whether a pre-motion conference will be held to discuss LifeSpan's anticipated motion and, if so, when the conference will be held.

Sincerely,

John Fedun

cc:   Steven D. Skolnik, Esq.

*A pre-motion conference shall not be required. Defendant shall file any motion papers by August 10, 2007; opposition papers due by September 10, 2007; reply papers due by September 20, 2007.*

*SO ORDERED*

*[signature]*
*USDJ*
*7/10/07*