COX PADMORE SKOLNIK & SHAKARCHY LLP
Steven D. Skolnik (SS-1121)
630 Third Avenue
New York, NY 10017
(212) 953-6633
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KARKANIAS RESEARCH, LLC d/b/a                **ECF CASE**
CYTIRA and GEORGE KARKANIAS
a/k/a CYTIRA, INC.,                          Case No. 07 CV 6113 (RJH) (MHD)

           Plaintiffs,               **DECLARATION**

   -against-

LIFESPAN BIOSCIENCES, INC.
-----------------------------------------------------------x

    ILAR TOPALLI declares, pursuant to 28 U.S.C. § 1746, as follows:

    1.    I am a freelance consultant for plaintiff Karkanias Research, LLC ("Karkanias Research"). I am also employed full time by Biogen Idec as a neuroscientist I have a Ph.D. in neuroscience from the Albert Einstein College of Medicine. I make this declaration in opposition to the motion of defendant LifeSpan Bioscience, Inc. ("Lifespan") to dismiss this action, or, in the alternative to transfer the case to the Western District of Washington..

    2.    I was consulted by Karkanias Research and plaintiff George Karkanias ("Dr. Karkanias") on their grant proposal to the National Institute of Health ("NIH") and on the scientific design of the experiments after the grant was made to Karkanias Research. I have known Dr. Karkanias since he was a graduate student at the Albert Einstein College of Medicine and have consulted for him since the establishment of Karkanias Research.

    3.    The work to be done by Lifespan for the NIH research grant constituted

preliminary work that was absolutely essential for any further work to be done. I am informed that Lifespan improperly cut the brains of the experimental mice, which resulted in a failure of Lifespan to obtain the data that was required under its contract with Karkanias Research (under its trade name of Cytira). This error on the part of Lifespan has put a halt to the entire NIH grant project. No further work can be done on the grant without the missing data. The only way that data could be retrieved would be to start from square one, which would entail developing two sets of mice (normal and diabetic) and doing the entire procedure again, this time properly.

    4.    My work is here in New York, and it would not be convenient, and might not even be possible, for me to leave New York to go to Seattle, Washington to participate in the trial of this action. Of course, if this case remains in New York, I would be happy to testify on behalf of the plaintiffs, if asked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 7, 2007

ILIR TOPALLI