UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KARKANIAS RESEARCH, LLC d/b/a/ CYTIRA,
and GEORGE KARKANIAS, a/k/a CYTIRA, INC.

                          Plaintiffs,

-against-

LIFESPAN BIOSCIENCES, INC.,

                              Defendant   X
---------------------------------------------------------

SUPPLEMENTAL DECLARATION OF HARJIT S. KULLAR IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT LIFESPAN'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

I, Harjit S. Kullar, declare as follows:

1. My current residence address is 1957 Cassia Road, Apt. 201, Carlsbad, California 92011. I make this supplemental declaration in reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Complaint Or, In The Alternative, to Transfer Venue. I have personal knowledge and am competent to testify as a witness regarding the facts stated below.

2. I reaffirm the statements made in my Declaration dated July 30, 2007 in support of Defendant LifeSpan's Motion to Dismiss Complaint or, in the Alternative, to Transfer Venue.

3. The majority of my time as Northeast Director of Sales was spent acting as a liaison with existing customers to make sure that they were satisfied with their access to LifeSpan's immunohistochemistry (IHC) database and that their needs for IHC research services were being met by LifeSpan. I also was responsible for responding to contacts by new customers. I spent a substantial portion of my time visiting laboratories of existing customers. None of these laboratories were located in the State of New York.

4. While I was employed by LifeSpan, I did not make any sales calls or marketing presentations in the State of New York.

5. During my telephone conversations and e-mails with George Karkanias, Mr. Karkanias did not tell me that the research to be performed by LifeSpan was part of a larger study being performed by Mr. Karkanias for the National Institute of Health ("NIH").

1

Mr. Karkanias did not mention the NIH to me or inform me of the source of funding for the research study to be performed by LifeSpan.

6.     When I spoke with Mr. Karkanias about the research study to be performed by LifeSpan, as a business courtesy, I gave Mr. Karkanias the opportunity to meet with me in New York if Mr. Karkanias wanted to have a face-to-face meeting. However, Mr. Karkanias declined the opportunity to have a face-to-face meeting with me. Mr. Karkanias said he was too busy for a meeting and he had obtained enough information from LifeSpan's web site and from our telephone conversations and e-mail exchanges.

7.     Pfizer Inc. ("Pfizer") is a customer of LifeSpan. Although Pfizer's corporate headquarters are in the State of New York, LifeSpan did not perform any research services or sell any antibodies to laboratories of Pfizer located in New York. Instead, the Pfizer research laboratories I visited while employed by LifeSpan were located in Massachusetts and Connecticut.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___14th___ of September, 2007 at Carlsbad, California.

_/s/ Harjit S. Kullar_

Harjit S. Kullar