```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
KARKANIAS RESEARCH, LLC d/b/a
CYTIRA and GEORGE KARKANIAS
a/k/a CYTIRA, INC.,

                       Plaintiffs,

    -against-

LIFESPAN BIOSCIENCES, INC.,

                       Defendant.
------------------------------------------------------x

**ECF CASE**

Case No. 07 CV 6113 (RJH) (MHD)

**SCHEDULING ORDER** 

The Plaintiffs (collectively "Cytira") and the Defendant ("Lifespan"), as the scheduling order prepared pursuant to the Initial Scheduling Conference Notice and Order, dated July 16, 2007, and the Scheduling Order Requirements of Judge Richard J. Holwell, provide as follows:

1.     Description of the Case.

    a.     Attorneys of Record

*Attorneys for Plaintiffs*:

Steven D. Skolnik
Cox Padmore Skolnik & Shakarchy LLP
630 Third Avenue
New York, NY 10017
(212) 953-6633
fax: (212) 949-6943

*Attorneys for Defendant*:

John Fedun
Thelen Reid Brown Raysman & Steiner LLP
900 Third Avenue
New York, NY 10022
(212) 895-2000
fax: (212) 603-2001

Glen R. Nelson
Oles Morrison Rinker & Baker LLP
701 Pike Street, Suite 1700
Seattle, WA 98101
(206) 623-3427
fax: (206) 682-6234

      b.      <u>Basis for Federal Jurisdiction</u>

This case was commenced in the Supreme Court of the State of New York, County of New York. It was removed by Lifespan to federal court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Federal jurisdiction is based on diversity of citizenship.

      c.      <u>Description of the claims asserted in the complaint and counterclaims</u>

The first cause of action in the complaint is for breach of contract. Cytira claims that Lifespan entered into a contract with Cytira under which Lifespan agreed to perform specified immunohistochemistry services for Cytira. Cytira claims the contract provided that LifeSpan would perform tissue preparation, validation and mapping steps in connection with the study in question, and that Lifespan would provide reports containing specific information relating to the phases of the study, including a comprehensive analysis, digital images and its recommendations. Cytira alleges that Lifespan breached its contract with Cytira, including failing to complete the study in a timely manner, sending incomplete reports, and failing to perform in a correct manner in accordance with proper scientific standards, causing damage to Cytira.

The second cause of action in the complaint sounds in negligence. Cytira alleges that Lifespan acted negligently in handling and destroying the samples sent to it by Cytira, which negligence damaged Cytira.

In that Lifespan has not yet answered the complaint, there are no counterclaims at this time.

d. Major legal and factual issues

Lifespan has moved for dismissal of this action for lack of personal jurisdiction and improper venue, or, in the alternative, for a transfer of the action to the Western District of Washington. The motion is now fully briefed and is *sub judice*. In that Lifespan has not yet answered the complaint or filed any counterclaims, it is unclear at this juncture what the precise legal and factual issues will be other than those related to the pending motion.

e. Relief sought

The relief sought by the plaintiffs is damages in an amount not less than $237,760.50. Lifespan has not yet asserted any counterclaims but reserves its right to do so pending a ruling on its motion to dismiss.

2. Proposed Case Management Plan

a. Pending Motions

Lifespan has moved for dismissal of this action for lack of personal jurisdiction and improper venue, or, in the alternative, for a transfer of the action to the Western District of Washington. The motion is now fully briefed and is *sub judice*.

b. Proposed cutoff date for joinder of parties

30 days after answer

c. Proposed cutoff date for amendments to pleadings

The establishment of such a deadline would be premature because the defendant has not yet answered the complaint.

3

        d.    Schedule for completion of discovery



i.    Initial Disclosures – ~~October 31~~ *Nov. 14*, 2007

ii.    Fact discovery completion date – June 30, 2008

iii.    Disclosure of expert testimony – August 29, 2008

iv.    Expert discovery completion date – September 30, 2008

        e.    Date for filing dispositive motions

October 31, 2008

        f.    Dated for filing pre-trial order

December 5, 2008

        g.    Trial Schedule

i.    Jury – No.

ii.    Length of Trial – 5 days

iii.    When case will be ready for trial – January 5, 2009

    3.    Consent to Proceed Before a Magistrate Judge

No.

    4.    Status of Settlement Discussions

        a.    Have settlement discussions occurred?

No.

        b.    Status of settlement discussions

N/A

c.  Have parties requested a settlement conference?

No.  ☒

3. Argument on the motion to dismiss shall be held on December 14 at 3:30 p.m. Discovery shall not be stayed during pendency of the motion.

Dated: New York, New York
October 2, 2007

COX PADMORE SKOLNIK
& SHAKARCHY LLP

By: _____
   Steven D. Skolnik (SS-1121)
Attorneys for Plaintiffs
630 Third Avenue
New York, NY 10017
(212) 953-6633

THELEN REID BROWN RAYSMAN
& STEINER LLP

By: _____
   John Fedun (JF-5611)
Attorneys for Defendant
900 Third Avenue
New York, NY 10022
(212) 895-2000

So ordered:

_____
The Honorable Richard J. Holwell
District Court Judge
11/6/07