COX PADMORE SKOLNIK & SHAKARCHY LLP
Steven D. Skolnik (SS-1121)
630 Third Avenue
New York, NY 10017
(212) 953-6633
Attorneys for Plaintiffs

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KARKANIAS RESEARCH, LLC d/b/a
CYTIRA and GEORGE KARKANIAS
a/k/a CYTIRA, INC.,

                     Plaintiffs,

    -against-

LIFESPAN BIOSCIENCES, INC.

                    Defendant.
-----------------------------------------------------------x

**ECF CASE**

Case No. 07 CV 6113 (RJH) (MHD)

**STIPULATION AND ORDER OF SETTLEMENT**

       **WHEREAS**, Plaintiffs KARKANIAS RESEARCH LLC d/b/a CYTIRA AND GEORGE KARKANIAS a/k/a CYTIRA INC. (together "Plaintiffs") commenced this action by the filing of a Summons and Complaint on May 17, 2007 in Supreme Court, New York County; and

       **WHEREAS**, Defendant LIFESPAN BIOSCIENCES, INC. ("Defendant") subsequently removed this action to the United States District Court for the Southern District of New York and moved to dismiss the Complaint, *inter alia*, for lack of personal jurisdiction; and

       **WHEREAS**, the parties desire to settle and voluntarily dismiss this action upon the terms and conditions hereinafter set forth in this Stipulation of Settlement ("Stipulation"), and no party being an infant or incompetent person, it is hereby stipulated and agreed as follows:

1.      Concurrently with execution of this Stipulation, the parties shall execute the Stipulation and Order of Dismissal ("Order") annexed hereto as Exhibit A. The Order shall be held in escrow by counsel for the Plaintiffs pending payment in full of the "Settlement Amount" (as

defined below), whereupon it shall be filed expeditiously with the Court to be "so ordered" at that time.

2. Defendant stipulates and agrees that there is due and owing from Defendant to the Plaintiffs the sum of Seventy-Five Thousand ($75,000) Dollars, hereinafter sometimes referred to as the "Settlement Amount," and undertakes to pay the Settlement Amount in accordance with paragraph 3 of this Stipulation.

3. The Settlement Amount shall be due and payable from Defendant to Plaintiffs as follows:

   a. Thirty-Seven Thousand Five Hundred ($37,500) Dollars on or before January 31, 2008.

   b. Six thousand Two Hundred Fifty Dollars on or before February 28, 2008.

   c. Six thousand Two Hundred Fifty Dollars on or before March 31, 2008.

   d. Six thousand Two Hundred Fifty Dollars on or before April 30, 2008.

   e. Six thousand Two Hundred Fifty Dollars on or before May 31, 2008.

   f. Six thousand Two Hundred Fifty Dollars on or before June 30, 2008.

   g. Six thousand Two Hundred Fifty Dollars on or before July 31, 2008.

4. The Settlement Amount shall be payable by checks in good and sufficient funds drawn on a bank in the United States and shall be received on or before each due date at the offices of Karkanias Research LLC, 305 Madison Ave., Suite 449, New York, NY 10165, or at such other address as Plaintiffs shall notify Defendant in writing.

5. For good and valuable consideration, receipt of which is hereby acknowledged, Plaintiffs hereby release and discharge Defendant, its successors and assigns, from and against all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity (collectively "Claims"), which against the Defendant or Defendant's successors and assigns, the Plaintiffs, Plaintiffs' heirs, executors, administrators, successors and assigns ever

had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation; provided however, that all Claims arising under or in connection with the Stipulation, including without limitation the right of the Plaintiffs to a default judgment in event of default in payment of the Settlement Amount or any part thereof, be and they hereby are excepted from this release.

6. For good and valuable consideration, receipt of which is hereby acknowledged, Defendant hereby releases and discharges Plaintiffs, their successors and assigns, heirs, executors and administrators, from and against all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity (collectively "Claims"), which against the Plaintiffs or Plaintiffs' successors and assigns, heirs, executors and administrators, the Defendant, Defendant's successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation; provided however, that all Claims arising under or in connection with this Stipulation, be and they hereby are excepted from this release.

7. In the event of the failure to pay any installment of the Settlement Amount when due, counsel for the Plaintiffs shall give notice of said default by facsimile to Defendant and its counsel at the addresses and facsimile numbers set forth in paragraph 15 of this Stipulation. Defendant shall have ten (10) days from the date of said notice to cure said default.

8. In the event a default in payment of the Settlement Amount is not cured upon ten (10) days notice, then upon an additional ten (10) days notice by facsimile to Defendant and its counsel at the addresses and facsimile numbers set forth in paragraph 15 of this Stipulation, the Clerk of the United States District Court for the Southern District of New York is directed to

enter a judgment for the balance of the Settlement Amount due under this Stipulation, and costs against the Defendant, with interest at the rate of nine (9%) per annum from the date of execution of this Stipulation, upon affidavit of counsel for the Plaintiffs that: (i) there has been a default and the balance of the Settlement Amount due under this Stipulation, and (ii) such additional ten (10) days notice has been given to Defendant and its counsel.

9. In any action or proceeding to collect upon any judgment of default entered hereunder, Plaintiffs shall be entitled to their reasonable attorneys' fees of collection.

10. If a receiver, liquidator or trustee of Defendant shall be appointed or if Defendant shall be adjudicated a bankrupt or insolvent, or if any petition for bankruptcy, reorganization or arrangement pursuant to federal bankruptcy law, or any similar federal or state law, shall be filed by or against, consented to, or acquiesced in by, Defendant, or if any proceeding for the dissolution or liquidation of Defendant shall be instituted, then in any such instance Defendant hereby acquiesces and agrees that Plaintiffs may file and assert a claim in such any such proceeding in the liquidated amount of $237,760.50. Further, Defendant consents and agrees not to assert this Stipulation as a defense to such claim for the full amount sued upon, provided however that in any proceeding referred to in this paragraph 10, Defendant may contest any claim by Plaintiffs in excess of the Settlement Amount on the merits. This paragraph shall not be construed to limit in any respect any other right or remedy that the Plaintiffs may possess against Defendant under or in connection with this Stipulation.

11. The parties agree that this is a compromised settlement of a disputed matter and shall not be deemed to constitute an admission by any party as to the amount, if any, that would have been due from Defendant to Plaintiffs had a trial been held.

12. This Stipulation shall inure to the benefit of the heirs, executors, administrators, successors and assigns of the parties hereto.

13. This Stipulation may be executed in counterparts and by PDF, each of which will be

- 4 -

deemed an original, but all of which together will constitute one and the same instrument.

14. This Stipulation shall be binding upon the parties after execution by their respective counsel and by Plaintiffs and Defendant as set forth below, upon its being so ordered by the Court.

15. All notices, requests, demands and other communications hereunder shall be in writing and shall be deemed to have been duly given if in writing and delivered by hand, by a nationally recognized overnight delivery service, or by facsimile to the respective parties at the addresses set forth in this paragraph and counsel for the respective parties set forth in the signature blocks below. Any party may change the address for notice by sending a notice in writing to counsel for the other party in the same manner as provided in this paragraph. The address for notices to Defendant shall be: 2401 Fourth Ave., Suite 910, Seattle, Washington 98121, Attn: James W. Shepperd, Fax: (206) 464-1723, with copy to Glenn R. Nelson, Oles Morrison Rinker & Baker LLP, 701 Pike Street, Suite 1700, Seattle, Washington 98101, Fax: (206) 682-6234, and with copy to Thelen Reid Brown Raysman & Steiner LLP, Attn: John Fedun, as set forth in the address block below. The address for notices to Plaintiffs shall be: 305 Madison Ave., Suite 449, New York, NY 10165, Attn: George Karkanias, Fax: (212) 214-0557, with copy to Cox Padmore Skolnik & Shakarchy LLP, Attn: Steven D. Skolnik, as set forth in the address block below.

16. This Stipulation constitutes the entire agreement of the parties with respect to the subject matter hereof and may not be modified except by a writing executed by the parties and so-ordered by the Court.

17. Without limiting the jurisdiction of any other court, Defendant consents to the jurisdiction of this Court in connection with this Stipulation and enforcement of any rights or obligations arising hereunder.

18. Plaintiffs and Defendant represent and warrant to each other that it/he is entering into this Stipulation on the basis of its/his own independent investigation and evaluation of the facts, and

- 5 -

without reliance upon any representation or warranty of the other party.

19. This Stipulation may be filed without further notice with the Clerk of the Court.

Dated: New York, New York
Dated: December 14, 2007

COX PADMORE SKOLNIK &
SHAKARCHY LLP
*Attorneys for Plaintiffs*

By: /s/ Steven D. Skolnik
Steven D. Skolnik, Esq.
630 Third Avenue, 19th Floor
New York, New York 10017-6782
(212) 953-6633
Fax: (212) 949-6943

KARKANIAS RESEARCH, LLC
d/b/a CYTIRA

By: /s/ George Karkanias
George Karkanias, Managing Member

/s/ George Karkanias
George Karkanias, a/k/a CYTIRA, INC.

THELEN REID BROWN RAYSMAN &
STEINER LLP
*Attorneys for Defendant*

By: /s/ John Fedup
John Fedup, Esq.
900 Third Avenue
New York, New York 10022
(212) 895-2000
Fax: (212) 603-2001

LIFESPAN BIOSCIENCES, INC.

By: /s/ Joe Brown
Joe Brown, Chief Executive Officer

SO ORDERED:

/s/
UNITED STATES DISTRICT JUDGE
12/18/07  The Clerk is requested to close this case

-6-